131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WYLE LABORATORIES, INC., Plaintiff-Appellee,
v.
LEWIS MACHINE COMPANY, INC., (Lewis I); Fastener Engineers,
Inc.; Lewis Venture Company; Lewis Machine Co., Inc.,
(Lewis II); Fastener Venture Company; Fastener Engineers,
Group, Inc., Defendants-Appellants.
WYLE LABORATORIES, INC., Plaintiff-Appellee,
v.
LEWIS MACHINE COMPANY, INC., (Lewis I); Fastener Engineers,
Inc.; Lewis Venture Company; Lewis Machine Co., Inc.,
(Lewis II); Fastener Venture Company; Fastener Engineers,
Group, Inc., Defendants-Appellants.
 Nos. 96-56140, 96-56464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Nov. 14, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-07074-GHK; George H. King, District Judge, Presiding.
 Before: BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court properly entered judgment as a matter of law for Wyle Laboratories. Considering the question de novo, we conclude that the 1986 contract as a whole, even read in light of the parol evidence, can only reasonably be interpreted as transferring to the purchasers responsibility for product liability arising after the effective date of the contract as the result of accidents involving Lewis machines manufactured before 1968.
 
 
 3
 We also affirm the district court's award of attorneys' fees to Wyle for the reasons stated by the district court.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3